IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| HOMEWELL FRANCHISING, INC. | § § | |
| V. | § § | CASE NO.: 7:24-CV-00101 |
| EVANSTON INSURANCE COMPANY | § § | |

**EVANSTON INSURANCE COMPANY'S ORIGINAL
ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Evanston Insurance Company files this Original Answer to Plaintiff's Original Complaint as follows.

**SUMMARY & NATURE OF THE ACTION**

1. With respect to the allegations and averments in Paragraph 1 of Plaintiff's Original Complaint, Evanston Insurance Company admits this case "is an insurance coverage dispute in which HomeWell seeks to enforce Evanston's obligation to defend HomeWell against a lawsuit," "Evanston issued a Professional Liability Policy to HomeWell," and a pleading allegation in an underlying lawsuit asserts HomeWell's "'website also makes other representations that misrepresent the level of care Defendants are licensed to provide.'" Evanston Insurance Company denies the remaining allegations and averments in Paragraph 1 of Plaintiff's Original Complaint.

2. Evanston Insurance Company denies the allegations and averments in Paragraph 2 of Plaintiff's Original Complaint.

3. Evanston Insurance Company denies the allegations and averments in Paragraph 3 of Plaintiff's Original Complaint.

## PARTIES

4. Evanston Insurance Company admits the allegations and averments in Paragraph 4 of Plaintiff's Original Complaint.

5. Evanston Insurance Company admits the allegations and averments in Paragraph 5 of Plaintiff's Original Complaint.

## JURISDICTION & VENUE

6. Evanston Insurance Company admits the allegations and averments in Paragraph 6 of Plaintiff's Original Complaint.

7. Evanston Insurance Company admits the allegations and averments in Paragraph 7 of Plaintiff's Original Complaint.

8. Evanston Insurance Company admits the allegations and averments in Paragraph 8 of Plaintiff's Original Complaint.

9. Evanston Insurance Company admits the allegations and averments in Paragraph 9 of Plaintiff's Original Complaint.

10. Evanston Insurance Company admits the allegations and averments in the first two (2) sentences in Paragraph 10 of Plaintiff's Original Complaint. Evanston Insurance Company denies the remaining allegations and averments in Paragraph 10 of Plaintiff's Original Complaint.

## FACTUAL ALLEGATIONS

**A.   The Policy Requires Evanston To Defend HomeWell Against The Lawsuit.**

11. Evanston Insurance Company admits the allegations and averments in Paragraph 11 of Plaintiff's Original Complaint.

12. Evanston Insurance Company admits the allegations and averments in Paragraph 12 of Plaintiff's Original Complaint given the Evanston Policy is a written document that speaks for itself. Evanston Insurance Company respectfully refers the Court to the Policy for a full and

accurate representation of its terms. To the extent the allegations of Paragraph 12 contravene, modify or abridge the Evanston Insurance Company Policy's terms, conditions, and/or definitions, such allegations are denied.

13.     Evanston Insurance Company admits the allegations and averments in Paragraph 13 of Plaintiff's Original Complaint given the Evanston Policy is a written document that speaks for itself. Evanston Insurance Company respectfully refers the Court to the Policy for a full and accurate representation of its terms. To the extent the allegations of Paragraph 13 contravene, modify or abridge the Evanston Insurance Company Policy's terms, conditions, and/or definitions, such allegations are denied.

14.     Evanston Insurance Company admits the allegations and averments in Paragraph 14 of Plaintiff's Original Complaint given the Evanston Policy is a written document that speaks for itself. Evanston Insurance Company respectfully refers the Court to the Policy for a full and accurate representation of its terms. To the extent the allegations of Paragraph 14 contravene, modify or abridge the Evanston Insurance Company Policy's terms, conditions, and/or definitions, such allegations are denied.

15.     Evanston Insurance Company admits the allegations and averments in Paragraph 15 of Plaintiff's Original Complaint to the extent the Policy's definition of a "Claim includes '[t]he service of suit…against' HomeWell, such as the lawsuit that HomeWell is currently facing which Evanston has refused to defend HomeWell" given the Evanston Policy is a written document that speaks for itself. Evanston Insurance Company respectfully refers the Court to the Policy for a full and accurate representation of its terms. To the extent the allegations of Paragraph 15 contravene, modify or abridge the Evanston Insurance Company Policy's terms, conditions, and/or definitions, such allegations are denied. Evanston Insurance Company denies the remaining allegations and averments in Paragraph 15 of Plaintiff's Original Complaint.

16. Evanston Insurance Company admits the allegations and averments in Paragraph 16 of Plaintiff's Original Complaint given the Evanston Policy is a written document that speaks for itself. Evanston Insurance Company respectfully refers the Court to the Policy for a full and accurate representation of its terms. To the extent the allegations of Paragraph 16 contravene, modify or abridge the Evanston Insurance Company Policy's terms, conditions, and/or definitions, such allegations are denied.

17. Evanston Insurance Company lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments in Paragraph 17 of Plaintiff's Original Complaint given the Evanston Policy is a written document that speaks for itself. Evanston Insurance Company respectfully refers the Court to the Policy for a full and accurate representation of its terms. To the extent the allegations of Paragraph 17 contravene, modify or abridge the Evanston Insurance Company Policy's terms, conditions, and/or definitions, such allegations are denied.

18. Evanston Insurance Company lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments in Paragraph 18 of Plaintiff's Original Complaint given the Evanston Policy is a written document that speaks for itself. Evanston Insurance Company respectfully refers the Court to the Policy for a full and accurate representation of its terms. To the extent the allegations of Paragraph 18 contravene, modify or abridge the Evanston Insurance Company Policy's terms, conditions, and/or definitions, such allegations are denied.

19. Evanston Insurance Company denies the allegations and averments in Paragraph 19 of Plaintiff's Original Complaint.

B.     **The Lawsuit Alleges Wrongful Acts By HomeWell.**

20.     Evanston Insurance Company admits the allegations and averments in Paragraph 20 of Plaintiff's Original Complaint.

21.     Evanston Insurance Company denies the allegations and averments in Paragraph 21 of Plaintiff's Original Complaint.

22.     Evanston Insurance Company admits HomeWell Franchising, Inc. referenced certain statements as the same appeared in the paragraphs 36, 40, 44, 45, 47, 53, 56, 59, 72, and 73 of the complaint filed in the case styled *Julie Egeland, et al. v. A.S.K. Consulting & Design LLC dba HomeWell Care Services, et al.*, Cause No. 23CV008666 in the Superior Court of the State of California in and for the County of Sacramento (the "Egeland Lawsuit") given the Complaint is a written document that speaks for itself. Evanston Insurance Company respectfully refers the Court to the Egeland Lawsuit Complaint for a full and accurate representation of its allegations. To the extent the allegations of Paragraph 22 contravene, modify or abridge any statements in the Complaint, such allegations are denied. Evanston Insurance Company denies the remaining allegations and averments in Paragraph 22 of Plaintiff's Original Complaint.

23.     Evanston Insurance Company admits HomeWell Franchising, Inc. referenced certain statements as the same appeared in paragraphs 24, 45, and 51 of the complaint filed in the Egeland Lawsuit given the Complaint is a written document that speaks for itself. Evanston Insurance Company respectfully refers the Court to the Egeland Lawsuit Complaint for a full and accurate representation of its allegations. To the extent the allegations of Paragraph 23 contravene, modify or abridge any statements in the Complaint, such allegations are denied. Evanston Insurance Company denies the remaining allegations and averments in Paragraph 23 of Plaintiff's Original Complaint.

24. Evanston Insurance Company admits "Plaintiffs in the [Egeland] Lawsuit seek to recover unspecified amounts of damages" and "HomeWell is presently defending itself against the Plaintiffs' claims." Evanston Insurance Company denies the remaining allegations and averments in Paragraph 24 of Plaintiff's Original Complaint.

**C.     Evanston Has Wrongfully Denied Coverage for HomeWell's Defense Against The Lawsuit.**

25. Evanston Insurance Company admits the allegations and averments in Paragraph 25 of Plaintiff's Original Complaint.

26. Evanston Insurance Company denies the allegations and averments in Paragraph 26 of Plaintiff's Original Complaint including that "Evanston never indicated that any one (or any combination) of these exclusions precludes or otherwise limits HomeWell's coverage for the Lawsuit, particularly its obligation to defend HomeWell." With respect to the language that appears in quotation marks in Paragraph 26 of Plaintiff's Original Complaint, Evanston Insurance Company admits HomeWell Franchising, Inc. accurately set out the quoted language since that correspondence is a written document. Evanston Insurance Company denies the remaining allegations and averments in Paragraph 26 of Plaintiff's Original Complaint.

27. Evanston Insurance Company admits HomeWell Franchising, Inc. referenced certain statements as the same appeared in a certain November 14, 2023 letter. Evanston Insurance Company denies the remaining allegations and averments in Paragraph 27 of Plaintiff's Original Complaint.

28. Evanston Insurance Company denies the allegations and averments in the first sentence of Paragraph 28 of Plaintiff's Original Complaint. Evanston Insurance Company admits HomeWell Franchising, Inc. referenced certain statements as the same appeared in a certain November 14, 2023 letter. Evanston Insurance Company lacks knowledge or information

6

sufficient to form a belief about the truth of the allegations and averments in third sentence of Paragraph 28 of Plaintiff's Original Complaint.

29. Evanston Insurance Company admits the allegations and averments in the first two (2) sentences of Paragraph 29 of Plaintiff's Original Complaint. Evanston Insurance Company denies the remaining allegations and averments in Paragraph 29 of Plaintiff's Original Complaint.

30. Evanston Insurance Company admits HomeWell Franchising, Inc. accurately set out the quoted language since that correspondence is a written document. Evanston Insurance Company denies the remaining allegations and averments in Paragraph 30 of Plaintiff's Original Complaint.

31. Evanston Insurance Company denies the allegations and averments in Paragraph 31 of Plaintiff's Original Complaint that the Egeland "Lawsuit was covered and that Evanston would provide a defense." Evanston Insurance Company lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and averments in Paragraph 31 of Plaintiff's Original Complaint.

32. Evanston Insurance Company admits the allegations and averments in Paragraph 32 of Plaintiff's Original Complaint that it advised HomeWell Franchising, Inc. that "Evanston will not be offering defense or indemnity coverage for this matter based on the policy exclusions outlined in my November 18, 2023 email, which is attached" and that "[a] formal letter will be forthcoming." Evanston Insurance Company denies the remaining allegations and averments in Paragraph 32 of Plaintiff's Original Complaint.

33. Evanston Insurance Company admits the allegations and averments in Paragraph 33 of Plaintiff's Original Complaint.

34. Evanston Insurance Company denies the allegations and averments in Paragraph 34 of Plaintiff's Original Complaint that it was "not indicating on what factual or policy bases

Evanston was relying upon in making this purported denial." Evanston Insurance Company admits the remaining allegations and averments in Paragraph 34 of Plaintiff's Original Complaint.

35. Evanston Insurance Company admits the allegations and averments in Paragraph 35 of Plaintiff's Original Complaint only to the extent that counsel for HomeWell Franchising, Inc. made such statements. However, Evanston Insurance Company denies the allegations and averments in Paragraph 35 of Plaintiff's Original Complaint "that the Claim is covered and that Evanston had not properly issued a denial of coverage."

36. Evanston Insurance Company denies the allegations and averments in Paragraph 36 of Plaintiff's Original Complaint.

37. Evanston Insurance Company lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments in Paragraph 37 of Plaintiff's Original Complaint.

## CAUSES OF ACTION

**A.     Count I – Declaratory Judgment for Defense Costs for the Lawsuit**

38. Evanston Insurance Company adopts and incorporates its specific responses above with respect to each of the "foregoing allegations [HomeWell Franchising, Inc.] incorporated herein by reference."

39. Evanston Insurance Company admits HomeWell Franchising, Inc.'s "Declaratory Judgment claim is asserted in accordance with 28 U.S.C. § 2201" as asserted in Paragraph 39 of Plaintiff's Original Complaint." However, Evanston Insurance Company denies HomeWell Franchising, Inc. is entitled to the declaratory relief it seeks.

40. Evanston Insurance Company admits the allegations and averments in Paragraph 40 of Plaintiff's Original Complaint.

41. Evanston Insurance Company admits the allegations and averments in Paragraph 41 of Plaintiff's Original Complaint.

42. Evanston Insurance Company denies the allegations and averments in Paragraph 42 of Plaintiff's Original Complaint.

43. Evanston Insurance Company denies the allegations and averments in Paragraph 43 of Plaintiff's Original Complaint.

44. Evanston Insurance Company denies the allegations and averments in Paragraph 44 of Plaintiff's Original Complaint.

45. Evanston Insurance Company denies the allegations and averments in Paragraph 45 of Plaintiff's Original Complaint.

46. Evanston Insurance Company denies the allegations and averments in Paragraph 46 of Plaintiff's Original Complaint.

47. Evanston Insurance Company denies the allegations and averments in Paragraph 47 of Plaintiff's Original Complaint.

48. Evanston Insurance Company denies the allegations and averments in Paragraph 48 of Plaintiff's Original Complaint.

49. Evanston Insurance Company denies the allegations and averments in Paragraph 49 of Plaintiff's Original Complaint.

50. Evanston Insurance Company denies the allegations and averments in Paragraph 50 of Plaintiff's Original Complaint.

51. Evanston Insurance Company denies the allegations and averments in Paragraph 51 of Plaintiff's Original Complaint.

B.   **Count Two -- Breach of Contract**

52.   Evanston Insurance Company adopts and incorporates its specific responses above with respect to each of the "foregoing allegations [HomeWell Franchising, Inc.] incorporated herein by reference."

53.   Evanston Insurance Company admits the allegations and averments in Paragraph 53 of Plaintiff's Original Complaint.

54.   Evanston Insurance Company admits the allegations and averments in Paragraph 54 of Plaintiff's Original Complaint.

55.   Evanston Insurance Company denies the allegations and averments in Paragraph 55 of Plaintiff's Original Complaint.

56.   Evanston Insurance Company denies the allegations and averments in Paragraph 56 of Plaintiff's Original Complaint that "HomeWell has satisfied all conditions precedent to coverage, if any, under the Policy, or those conditions have been waived." Evanston Insurance Company admits the remaining allegations and averments in Paragraph 56 of Plaintiff's Original Complaint.

57.   Evanston Insurance Company denies the allegations and averments in Paragraph 57 of Plaintiff's Original Complaint.

58.   Evanston Insurance Company denies the allegations and averments in Paragraph 58 of Plaintiff's Original Complaint.

59.   Evanston Insurance Company denies the allegations and averments in Paragraph 59 of Plaintiff's Original Complaint.

60.   Evanston Insurance Company denies the allegations and averments in Paragraph 60 of Plaintiff's Original Complaint.

61. Evanston Insurance Company denies the allegations and averments in Paragraph 61 of Plaintiff's Original Complaint.

C. **Count Three – Violations of Chapter 542 of the Texas Insurance Code**

62. Evanston Insurance Company adopts and incorporates its specific responses above with respect to each of the "foregoing allegations [HomeWell Franchising, Inc.] incorporated herein by reference."

63. Evanston Insurance Company denies the allegations and averments in Paragraph 63 of Plaintiff's Original Complaint.

64. Evanston Insurance Company admits the allegations and averments in Paragraph 64 of Plaintiff's Original Complaint.

65. Evanston Insurance Company denies the allegations and averments in Paragraph 65 of Plaintiff's Original Complaint.

66. Evanston Insurance Company denies the allegations and averments in Paragraph 66 of Plaintiff's Original Complaint.

D. **Notice of Intent to Pursue Claims Under Chapter 541 of the Texas Insurance Code**

67. Evanston Insurance Company adopts and incorporates its specific responses above with respect to each of the "foregoing allegations [HomeWell Franchising, Inc.] incorporated herein by reference."

68. Evanston Insurance Company denies the allegations and averments in Paragraph 68 of Plaintiff's Original Complaint.

69. Evanston Insurance Company admits the allegations and averments in Paragraph 69 of Plaintiff's Original Complaint.

70. Evanston Insurance Company denies the allegations and averments in Paragraph 70 of Plaintiff's Original Complaint.

71. Evanston Insurance Company denies the allegations and averments in Paragraph 71 of Plaintiff's Original Complaint.

72. Evanston Insurance Company denies the allegations and averments in Paragraph 72 of Plaintiff's Original Complaint.

73. Evanston Insurance Company denies the allegations and averments in Paragraph 73 of Plaintiff's Original Complaint.

74. Evanston Insurance Company denies the allegations and averments in Paragraph 74 of Plaintiff's Original Complaint.

75. Evanston Insurance Company denies the allegations and averments in Paragraph 75 of Plaintiff's Original Complaint.

76. Evanston Insurance Company denies the allegations and averments in Paragraph 76 of Plaintiff's Original Complaint.

77. Evanston Insurance Company denies the allegations and averments in Paragraph 77 of Plaintiff's Original Complaint.

78. Evanston Insurance Company admits the allegations and averments in Paragraph 78 of Plaintiff's Original Complaint that it stated, "[a] formal letter will be forthcoming." Evanston Insurance Company denies the remaining allegations and averments in Paragraph 78 of Plaintiff's Original Complaint.

79. Evanston Insurance Company admits HomeWell Franchising, Inc. accurately set out the quoted language since that correspondence is a written document. Evanston Insurance Company denies the remaining allegations and averments in Paragraph 79 of Plaintiff's Original Complaint.

80. Evanston Insurance Company lacks knowledge or information sufficient to form a belief about the truth of the allegations and averments in Paragraph 80 of Plaintiff's Original Complaint.

81. Evanston Insurance Company denies the allegations and averments in Paragraph 81 of Plaintiff's Original Complaint.

82. Evanston Insurance Company denies the allegations and averments in Paragraph 82 of Plaintiff's Original Complaint.

83. Evanston Insurance Company denies the allegations and averments in Paragraph 83 of Plaintiff's Original Complaint.

84. Evanston Insurance Company denies the allegations and averments in Paragraph 84 of Plaintiff's Original Complaint.

85. Evanston Insurance Company denies the allegations and averments in Paragraph 85 of Plaintiff's Original Complaint.

86. Evanston Insurance Company denies the allegations and averments in Paragraph 86 of Plaintiff's Original Complaint.

87. Evanston Insurance Company denies the allegations and averments in Paragraph 87 of Plaintiff's Original Complaint.

88. Evanston Insurance Company denies the allegations and averments in Paragraph 88 of Plaintiff's Original Complaint.

89. Evanston Insurance Company denies the allegations and averments in Paragraph 89 of Plaintiff's Original Complaint.

90. Evanston Insurance Company denies the allegations and averments in Paragraph 90 of Plaintiff's Original Complaint.

91. Evanston Insurance Company denies the allegations and averments in Paragraph 91 of Plaintiff's Original Complaint.

E. **Attorney's Fees**

92. Evanston Insurance Company adopts and incorporates its specific responses above with respect to each of the "foregoing allegations [HomeWell Franchising, Inc.] incorporated herein by reference."

93. Evanston Insurance Company denies the allegations and averments in Paragraph 93 of Plaintiff's Original Complaint.

## JURY DEMAND

94. Evanston Insurance Company admits HomeWell Franchising, Inc. has a right to a jury trial on all issues of fact. Evanston Insurance Company denies the remaining allegations and averments in Paragraph 94 of Plaintiff's Original Complaint.

## PRAYER FOR RELIEF

95. Evanston Insurance Company denies HomeWell Franchising, Inc. is entitled to any of the relief that it seeks in the above entitled and numbered proceeding.

## AFFIRMATIVE DEFENSES

96. Evanston Insurance Company affirmatively asserts HomeWell Franchising, Inc.'s claims must be denied because the Evanston Insurance Company policy of insurance referred to in HomeWell Franchising, Inc.'s Original Complaint (the "Policy") in this matter does not provide for coverage under one or more of the following policy provisions: (1) the Policy's definition of **Damages**; (2) the Policy's definition of **Personal Injury**; (3) the Policy's definition of **Bodily Injury;** and/or (4) the Policy's Vulnerable Adult Abuse Exclusion.

## PRAYER

For the reasons stated herein, Evanston Insurance Company prays HomeWell Franchising, Inc. take nothing from Evanston Insurance Company and further prays for such other and further relief, both general and special, at law or in equity, to which it may be entitled.

Respectfully submitted,

**WOJCIECHOWSKI & ASSOCIATES, P.C.**

 */s/ Marc J. Wojciechowski*
Marc J. Wojciechowski
Federal Bar No. 13849/State Bar No. 21844600
17447 Kuykendahl Road, Suite 200
Spring, Texas   77379
Telephone:  281-999-7774
Facsimile:  281-999-1955
Email:  marc@wojolaw.com; e-fileonly@wojolaw.com
ATTORNEY FOR DEFENDANT,
EVANSTON INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to all counsel and/or parties of record, pursuant to the Federal Rules of Civil Procedure, on this, the 7th day of October, 2024 via the USDC E-File System.

 */s/ Marc J. Wojciechowski*
Marc J. Wojciechowski